

## NUMBER 13-12-00289-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ROBERT DALE JOHNSON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 163rd District Court
## of Orange County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

By one issue, appellant Robert Dale Johnson asserts that the State violated his

due process rights by delaying his indictment for burglary of a building. *See* TEX. PENAL

CODE ANN. § 30.02(a)(2) (West 2011). We affirm.

# I. BACKGROUND[1]

In December 2010, Johnson burglarized the liquor shed of Spanky's Restaurant in Orange County, Texas. Spanky's owner Mike Lemoine provided the Orange Police Department with surveillance footage of the burglary that purportedly depicted Johnson committing the act. Police opened an investigation but did not immediately arrest Johnson.

On January 1, 2011, Johnson was arrested for an unrelated felony theft at Wal-Mart. Johnson was indicted for the felony theft offense on July 6, 2011, entered an open plea, and was sentenced to nine months in state jail.

The State then indicted Johnson for the Spanky's burglary on December 7, 2011. On March 2, 2012, Johnson pleaded guilty to the underlying offense and the trial court sentenced him to eighteen months' imprisonment with the Texas Department of Justice, Institutional Division. This appeal ensued.

## II. PRE-INDICTMENT DELAY

By his sole issue, Johnson contends that the State's one-year delay in indicting him for burglary of a building constituted an oppressive delay in violation of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

**A.      Standard of Review and Applicable Law**

Under the U.S. Constitution, due process requires dismissal of the indictment if a defendant shows that the pre-indictment delay caused (1) substantial prejudice to the defendant's rights to a fair trial and (2) that the delay was an intentional device to gain tactical advantage over the accused.   *United States v. Marion*, 404 U.S. 307, 322 (1971); *see Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999); *State v. McCoy*, 94 S.W.3d 296, 301 (Tex. App.—Corpus Christi 2002, no pet.).

A "delicate judgment based on the circumstances of each case" is required in our review of whether a defendant's rights to a fair trial were violated.   *Marion*, 404 U.S. at 325.   Furthermore, the applicable statute of limitations is the primary assurance against bringing an unduly stale criminal charge.   *Ibarra*, 11 S.W.3d at 193.   In Texas, burglary of a building carries a three-year statute of limitations.   *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West Supp. 2011).   However, the statute of limitations does not fully define a defendant's rights with respect to the events occurring prior to indictment; the Due Process Clause has a limited role to play in protecting against oppressive delay. *Ibarra*, 11 S.W.3d at 193.

Prosecutors are under no duty to file charges before they are satisfied they can prove a suspect's guilt beyond a reasonable doubt.   *McCoy*, 94 S.W.3d at 301 (citing *United States v. Lovasco*, 431 U.S. 783, 791 (1977)).   To prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time.   *McCoy*, 94 S.W.3d at 301.

3

**B.    Discussion**

After applying the two-prong test to the present case, we conclude that Johnson's due process rights were not violated. The burglary charge was filed within the three-year statute of limitations. Furthermore, nothing in the record shows that his rights to a fair trial were substantially prejudiced by the State's one-year delay to indict him. Defendant's fourth exhibit was admitted into evidence and illustrates the following timeline:

- Date of Offense: 12/9/10

- Submitted to [District Attorney]: 9/16/11

- Indicted: 12/7/11

- [Attorney appointed]: 1/4/12

The record shows that despite the video evidence, Orange police attempted to discuss the burglary with Johnson in February 2011, prior to his sentencing in the felony theft case, but Johnson refused to speak with them. Moreover, it shows that the State indicted Johnson three months after the Orange police submitted the case to the district attorney's office. We do not agree with Johnson's argument that this delay was oppressive. *See Lovasco*, 431 U.S. at 794–95 (declining to adopt a rule which would require prosecutors to make charging decisions immediately upon assembling evidence sufficient to establish guilt). The trial court also stated that it equally considered in its sentencing ruling (1) the time Johnson lost and (2) what personal progress he has made during the time he may have lost, as shown by testimony. Finally, the record does not support Johnson's argument that the State's delay was intended to "keep [him] continuously incarcerated." Accordingly, we overrule Johnson's issue.

4

### III.     CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
11th day of April, 2013.